```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

CHESTER STEVENSON,
    Petitioner,


    v.                                                       CIVIL ACTION NO.
                                                             13-11337-NMG


CHRISTINE VERDINI,
    Respondent.


**ORDER RE:**
**RESPONDENT'S MOTION FOR A**
**MORE DEFINITE STATEMENT**
**(DOCKET ENTRY # 13)**

**September 13, 2013**

**BOWLER, U.S.M.J.**

    Respondent Christine Verdini ("respondent") moves for a more definite statement. (Docket Entry # 13). She correctly notes that the answers to question 12 and its subparts in the original petition (Docket Entry # 1) are too vague and ambiguous to allow a proper response to the petition under Rule 12(e), Fed. R. Civ. P. See Rule 12, Rules Governing Section 2254 Cases in the United States District Courts.

    Accordingly, on or before October 15, 2014, and using the same section 2254 form as the original petition, petitioner Chester Stevenson ("petitioner") shall file an amended petition that will replace the original petition. In answer to "GROUND ONE" in question 12, petitioner shall set out the ground for

relief without referring to other locations in the petition or any appendix. The ground for relief should be approximately one sentence in length and shall state the issue and identify the constitutional right allegedly violated.

In question 12(a), petitioner shall identify the supporting facts for ground one without referring to other locations in the petition or any appendix. The supporting facts should be a statement of facts that provide a basis for the violation of the constitutional right identified in the ground for relief. Petitioner shall adhere to this same format in identifying "GROUND TWO" and the supporting facts in answer to question 12(b).

Finally, petitioner shall name the proper respondent. The "proper custodian for purposes of habeas review is the warden of the facility where [the petitioner] is being held." Vasquez v. Reno, 233 F.3d 688, 691 (1st Cir. 2000).

Within 20 days after receiving the amended petition, respondent shall file an answer. The answer must include a statement notifying this court of the existence of any victim or victims as defined by 18 U.S.C. § 3771.

The deadline to file a dispositive motion or memorandum in opposition to the petition is November 18, 2013. In the event respondent argues that one or more claims fails on the merits or is subject to a procedural default, respondent is instructed to

2

file the relevant state court transcripts.

## CONCLUSION

The motion for a more definite statement (Docket Entry # 13) is **ALLOWED**. On or before October 15, 2013, petitioner shall file an amended petition in the above described format and mail a copy of the amended petition to respondent. Respondent shall file an answer within 20 days of receipt of the amended petition. The deadline to file a dispositive motion or memorandum in opposition to the petition is November 18, 2013.

                                                     /s/ Marianne B. Bowler
                                                  **MARIANNE B. BOWLER**
                                                  United States Magistrate Judge