```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

CHESTER STEVENSON,
    Petitioner,

    v.                                                          CIVIL ACTION NO.
                                                                13-11337-NMG

CHRISTINE VERDINI,
    Respondent.


**MEMORANDUM AND ORDER RE:
MOTION FOR APPOINTMENT OF COUNSEL (DOCKET
ENTRY # 16); APPLICATION TO PROCEED WITHOUT
PREPAYMENT OF FEES AND AFFIDAVIT
(DOCKET ENTRY # 17)**

**October 1, 2013**

**BOWLER, U.S.M.J.**

    Petitioner Chester Stevenson ("petitioner"), an inmate at the North Central Correctional Institution in Gardner, Massachusetts, seeks appointment of counsel. (Docket Entry # 16). Petitioner is presently required to file an amended petition on or before October 15, 2013, in the format outlined in the September 13, 2013 decision. A copy of that decision is enclosed in petitioner's copy of this Memorandum and Order.

    In support of the appointment of counsel, petitioner filed an application to proceed without prepayment of fees and attached a copy of his inmate bank account. (Docket Entry # 17). The district judge denied a prior motion to proceed in forma pauperis as moot because petitioner paid the filing fee. The Order

directed petitioner to "file a new motion for leave to proceed in forma pauperis" if he "later seek[s] any relief based on his lack of income or assets."  (Docket Entry # 10).  Appointment of counsel requires an adequate showing that the petitioner is "financially unable to obtain counsel."  18 U.S.C. § 3006A(b).  This court therefore construes the application (Docket Entry # 17), filed the same day as the motion to appoint counsel, as setting out the required showing of indigency to support the appointment of counsel.

## DISCUSSION

There is, however, no constitutional right to appointment of counsel beyond the direct appeal of a criminal conviction.  Swazo v. Wyoming Department of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994); see Ellis v. U.S., 313 F.3d 636, 652 (1st Cir. 2002); see also Morin v. State of Rhode Island, 741 F.Supp. 32, 36 (D.R.I. 1990) (constitution does not mandate representation after trial and first appeal).  Rather, appointment of counsel in a collateral attack on a criminal conviction is discretionary.[1]  Heath v. United States Parole Commission, 788 F.2d 85, 88 (2nd Cir. 1986).  In particular, under 18 U.S.C. § 3006A(a)(2) ("section 3006A(a)(2)"), a court may appoint counsel for a "financially eligible person seeking

---

[1] Appointment of counsel, however, is mandatory where the district court conducts an evidentiary hearing.  See Rule 8(c), 28 U.S.C. foll. § 2254.

relief under section 2254 when the interests of justice require." Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990). Section 3006A(a)(2) provides that:

> (2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who-- . . .
>
>   (B) is seeking relief under section 2241, 2254, or 2255 of title 28.

18 U.S.C. § 3006A(a)(2).

The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts. See United States v. Mala, 7 F.3d 1058, 1063-1064 (1st Cir. 1993) (discussing application of section 3006A(a)(2) to section 2255 motion, noting coalescence of the three aforementioned circumstances and citing Battle v. Armontrout, 902 F.2d at 702, a section 2254 case); Battle v. Armontrout, 902 F.2d at 702 (remanding section 2254 petition for appointment of counsel where claim was nonfrivolous, facts and law were complex and the petitioner's incarceration severely hampered his investigative abilities); see also Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (where the petitioner presents nonfrivolous claim, court should consider legal and factual complexity of case and the petitioner's ability to investigate in appointing counsel

under section 3006A(a)(2)).

Here, the proceeding is in the initial stages.  At present, petitioner is only required to file an amended petition.  The September 13, 2013 Memorandum and Order explains the requirements for an amended petition.  Because petitioner states that he reads at a fifth grade level and has limited access to the law library, however, this court will extend the October 15, 2013 deadline to November 15, 2013.  Because the issues are not complex and in light of the direction provided by this court and the section 2254 form itself, appointment of counsel is not necessary.

## CONCLUSION

It is therefore **ORDERED** that the motion for appointment of counsel and the accompanying motion to proceed in forma pauperis (Docket Entry ## 16 & 17) are **DENIED** without prejudice.  The deadline for petitioner to file the amended petition is November 15, 2013.  The deadline for respondent Christine Verdini ("respondent") to file an answer is within 20 days of receipt of the amended petition.  The new deadline for respondent to file a dispositive motion or memorandum in opposition is December 30, 2013.

                                                  /s/ Marianne B. Bowler  
                                                **MARIANNE B. BOWLER**  
                                                United States Magistrate Judge