```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

CHESTER STEVENSON,
    Petitioner,


    v.                                       CIVIL ACTION NO.
                                            13-11337-NMG

THOMAS DICKHAUT,
    Respondent.

**MEMORANDUM AND ORDER RE:
RESPONDENT'S SECOND MOTION FOR A
MORE DEFINITE STATEMENT
(DOCKET ENTRY # 24)**

**April 9, 2014**

**BOWLER, U.S.M.J.**

    Pending before this court is a second motion for a more definite statement. (Docket Entry # 24). The motion seeks an order requiring petitioner Chester Stevenson ("petitioner"), an inmate at North Central Correctional Institution ("NCCI") in Gardner, Massachusetts, to file a second amended petition that identifies the grounds for relief and the supporting facts and names the proper respondent. (Docket Entry # 24).

<u>DISCUSSION</u>

    In response to this court's order allowing a motion for a more definite statement with respect to the original petition, petitioner filed the amended petition. The amended petition names Ray Marchelli ("Marchelli") as respondent. (Docket Entry # 22). Thomas Dickhaut, however, is the superintendent of NCCI.

    Section 2243 of Title 28 of the United States Code mandates

that a section 2254 petition "be directed to the person having custody of the person detained." 28 U.S.C. § 2243; see also 28 U.S.C. § 2242 (habeas application "shall allege . . . the name of the person who has custody over [the petitioner]"). A petitioner's "proper custodian for purposes of habeas review is the warden of the facility where he is being held." Vasquez v. Reno, 233 F.3d 688, 691 (1st Cir. 2000). Respondent Thomas Dickhaut ("respondent") is therefore substituted in lieu of Marchelli as the respondent in this action.

Turning to respondent's argument that the amended petition is too vague to allow him to prepare a response, the amended petition, filed pro se, is liberally construed. See Voravongsa v. A.T. Wall, 349 F.3d 1, 8 (1st Cir. 2003). Liberally construing the amended petition, it sets out the following five grounds for relief and supporting facts.

Ground one, which respondent does not challenge, sets out the ground for relief as "The evidence was constitutionally insufficient to establish The defendant broke into the Meeks House and Stole Property" and the supporting facts as "The Trial Court therefore deprived the defendant of his right to due process under both the Federal and State Constitutions by Denying the Defendant's Motion for Required Findings of Not

Guilty." (Docket Entry # 22, p. 6).[1] Page 17A, Roman numeral I, reiterates the ground for relief. The first paragraph on page 20A sets out additional supporting facts for ground one. Ground one therefore includes page 17A, Roman numeral I, as part of the ground for relief and page 20A, first paragraph, as part of the supporting facts.

Ground two refers to pages 17A and 18A in the petition and, as to the supporting facts, page 21A.[2] (Docket Entry # 22, p. 8). The petition does not include a page 21A. It does include page 20A. Roman numeral II on page 17A and on page 18A sets out the ground for relief as:

> Defense Counsel's failure to move to strike the prosecution expert's opinion testimony deprived the defendant of his constitutional right to counsel under the Sixth and Fourteenth Amendments to the Federal Constitution and Article 12 of the Declaration of Rights.

(Docket Entry # 22, pp. 17A & 18A). The second paragraph on page 20A sets out supporting facts for ground two. Liberally construing the amended complaint, ground two sets out the ground for relief on pages 17A and 18A, Roman numeral II. The supporting facts for the ground are set out on page 17A, subparagraphs II(B) and II(C), and on page 20A, second paragraph.

---

[1] Page numbers referenced in this order refer to the page numbers in the amended petition itself as opposed to the page numbers of the pleading as docketed on the CM/ECF docket.

[2] It does not set out the ground under question 12(a) but, instead, refers to the aforementioned pages. The petition follows a similar format with respect to grounds three and four.

Ground three refers to pages 17A and 18A in the petition and, as to the supporting facts, page 22A. (Docket Entry # 22, p. 9). The petition does not include a page 22A. It does include pages 20A and 20B. Roman numeral III on page 17A and on page 18A sets out the ground for relief as:

> The trial prosecutor deprived the defendant of his right to due process under the state and federal constitutions, because she urged the jury to draw scientifically indefensible inferences from the footwear impression evidence.

(Docket Entry # 22, pp. 17A & 18A). The third paragraph on page 20A which continues onto page 20B sets out supporting facts for ground three. Liberally construing the amended complaint, ground three sets out the ground for relief on pages 17A and 18A, Roman numeral III. The supporting facts for the ground are set out in the third paragraph on page 20A which continues onto page 20B.

Ground four refers to pages 17A and 18A in the petition and, as to the supporting facts, page 23A. (Docket Entry # 22, p. 11). The petition does not include a page 23A. It does include page 20B. Roman numeral IV on page 17A and on page 18A sets out the ground for relief as:

> The trial judge's failure to instruct the jury on the meaning of a material term deprived the defendant of his state and federal due process rights. The trial court's omission created a substantial risk of a miscarriage of justice.

(Docket Entry # 22, pp. 17A & 18A). The first full paragraph on page 20B sets out supporting facts for ground four. Liberally

4

construing the amended complaint, ground four sets out the ground for relief on pages 17A and 18A, Roman numeral IV.  The supporting facts for the ground are set out in subparagraph IV(B) on page 17A as well as in the first full paragraph on page 20B.

Pages 17A and 18A set out the following ground for relief under Roman numeral V:

> The trial court erred in denying the defendant's Rule 25 motion, because a conviction on the charge of breaking and entering in the daytime was more consonant with justice.

(Docket Entry # 22, pp. 17A & 18A).  The last paragraph on page 20B which continues onto page 20C sets out supporting facts for this ground as do subparagraphs V(B) and V(C) on page 17A. Liberally construing the amended complaint and notwithstanding the failure to set out this ground of relief under question 12(a), the amended petition includes a fifth ground for relief which is set out on pages 17A and 18A, Roman numeral V.  The supporting facts for ground five are set out in subparagraphs V(B) and V(C) on page 17A as well as the last paragraph on page 20B which continues onto page 20C.

As framed, the amended petition is not "so vague or ambiguous that [respondent] cannot reasonably prepare a response" within the meaning of Fed.R.Civ.P. 12(e).  <u>See</u> Rule 12, Rules Governing Section 2254 Cases in the United States District Courts.  Respondent shall therefore file an answer within 20 days.  The answer must include a statement notifying this court

5

of the existence of any victim or victims as defined by 18 U.S.C. § 3771.

The deadline to file a dispositive motion or memorandum in opposition to the petition is extended to May 23, 2014.  In the event respondent argues that one or more claims fails on the merits or is subject to a procedural default, respondent is instructed to file the relevant state court transcripts.

                              CONCLUSION

The second motion for a more definite statement (Docket Entry # 24) is **DENIED** except to the extent that Thomas Dickhaut is substituted in lieu of Marchelli as the respondent in this action.  Respondent shall file an answer within 20 days and the deadline to file a dispositive motion or memorandum in opposition to the petition is May 23, 2014.

                                    /s/ Marianne B. Bowler
                                    **MARIANNE B. BOWLER**
                                    United States Magistrate Judge